IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MERLIN LKENT WILLIAMS, #213616                                                              PLAINTIFF

V.                                                                   CIVIL ACTION NO. 3:23-cv-22-CWR-LGI

STATE OF MISSISSIPPI, ET AL.                                                              DEFENDANTS

ORDER OF DISMISSAL

This cause is before the Court, *sua sponte*, for consideration of dismissal. *Pro se* Plaintiff Merlin Lkent Williams ("Plaintiff") is incarcerated at the South Mississippi Correctional Institution in Leakesville, Mississippi. Plaintiff is proceeding *in forma pauperis*. *See* Order [19].

Upon liberal review of Plaintiff's Complaint [1], Amended Complaint [6], and Plaintiff's other filings [10], [11], [12], [13], [14], [15], [16], [17], [18], along with the entire Court record, the Court finds that this case should be dismissed.

**I.     Background**

Since Plaintiff is proceeding *pro se,* the Court will liberally construe his pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reiterating that a document filed *pro se* is "to be liberally construed"). Applying a liberal construction to Plaintiff's Complaint and Amended Complaint, the Court determines that Plaintiff is asserting claims under 42 U.S.C. § 1983. *See, e.g.*, Am. Compl. [6] at 16 ("This lawsuit raises interesting questions about the liability of individuals under 42 U.S.C. § 1983 and the Constitution.")

Plaintiff is serving a term of imprisonment for a 2017 aggravated assault conviction entered by the Harrison County Circuit Court. *See id.* at 14; *Williams v. Cain*, No. 1:20-cv-286 (S.D. Miss. Aug. 18, 2021) (habeas petition). Plaintiff claims his arrest, indictment,

trial, conviction, and imprisonment are unconstitutional. Plaintiff seeks injunctive relief, monetary damages, and release from incarceration.

Starting with his arrest, which Plaintiff describes as an "unlawful, illegal seizure," Plaintiff claims that the victim's affidavit "caused the body of [ ] Merlin Lkent Williams to be forcibly seized by Gulfport Police Department" and "presumed accused of guilt for a crime committed by someone named Merlin Kent Williams." Am. Compl. [6] at 14. Plaintiff asserts a similar allegation regarding his indictment. *Id*. Plaintiff alleges that the "trial court did not meet their burden of proof" in violation of his due process rights and equal protection rights. *Id*. at 14-15. Plaintiff spends a great deal of time attempting to frame his claims as "intellectual property" violations. *See id*. at 12 (listing "questions at issue as precedents").[1] Regardless of how Plaintiff frames his claims, most—if not all of Plaintiff's allegations—regard the validity of his conviction and arise from his theory of improper identification as Merlin Kent Williams.[2] For these alleged violations, Plaintiff seeks "$100 million dollars from each single Defendant." *Id*. at 21.

Plaintiff further alleges that the denial of his federal habeas corpus petition and other state post-conviction motions entitle him to a total of "$10 trillion dollars" from the Defendants based on a payment of "$25,000 for every 23 min[ute]s" of false imprisonment.

---

[1] *See, e.g.*, Am. Compl. [6] at 8-9 ("Wisely edify the reality of intellectual property damage towards I[,] Merlin Lkent Williams . . .. In respects, to the United States Constitution and against the intellectual property damage due to the infraction of the 4th Amendment . . ..").
[2] In Plaintiff's document titled "Nature of the Case and Constitutional or Federal Right Claims Against Each Individual Defendant Plus relief," Plaintiff sets forth his allegations against each individual Defendant. *See* ECF No. [12]. Although the Court does not discuss each allegation as to each Defendant in this Opinion, the Court reiterates that it fully considered Plaintiff's allegations presented in document [12], along with documents [1], [6], [10], [11], [13], [14], [15], [16], [17], [18], to reach its decision.

2

*Id*. at 21, 25; [ECF No. 12] at 38. Plaintiff also seeks the "terminat[ion] [of] the trial court's facially invalid judicial commitment" order, granting his release from custody. *See* Am. Compl. [6] at 26 ("Bondage from MDOC to be completely removed. Immediate arrival to society!"); [ECF No. 12] at 38 (claiming he is entitled to the "remedy of liberty from the Mississippi Department of Correction[s].")

**II.** **Discussion**

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See* 28 U.S.C. § 1915 (e)(2)(B)(i-ii). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). As part of § 1915 screening, the Court "may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Id*. Since Plaintiff is proceeding *in forma pauperis*, the screening procedures of § 1915 apply to this case.

A. <u>Plaintiff's Complaint is Malicious</u>

The Court may dismiss a Complaint "as malicious if it duplicates claims raised by the same Plaintiff in previous or pending litigation." *Emmett v. Hawthorn*, 459 F. App'x 490, 491 (5th Cir. 2012) (citation omitted). An action is duplicative or malicious if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988) (reiterating that "repetitious litigation of virtually identical causes of action is subject to dismissal . . . as malicious.") (internal

3

quotations and citations omitted).

Plaintiff's allegations duplicate the allegations of at least two of Plaintiff's previously dismissed civil actions, *Williams v. Cain*, No. 1:20-cv-286 (S.D. Miss. Aug. 18, 2021) (Habeas Corpus case), and *Williams v. Schmidt*, No. 1:19-cv-292 (S.D. Miss. July 3, 2019) (§ 1983 civil action). Both civil actions were dismissed with prejudice.

In Plaintiff's prior § 1983 case in this Court, he sued the state trial court judge and claimed that "he has been unlawfully arrested, charged, indicted, and subsequently convicted as well as false[ly] imprisoned to be an individual named Merlin Kent Williams." *Schmidt*, No. 1:19-cv-292, Order [6] at 1 (S.D. Miss. July 3, 2019) (internal quotations omitted). Plaintiff alleged that "his constitutional rights under the Eighth and Fourteenth Amendments [were] violated" because he was "wrongfully accused, convicted, and incarcerated as Merlin Kent Williams." *Id*. at 1-2 (internal quotations omitted). The Court found Plaintiff's Complaint to be barred by *Heck v. Humphrey,* 512 U.S. 477 (1994) and by judicial immunity. *Id*. at 6. The Court dismissed the § 1983 case as frivolous and for failure to state a claim. *Id*. at 7.

In Plaintiff's previous habeas corpus case he challenged the legality of his aggravated assault conviction and current term of imprisonment arguing, in part, that the "State convicted the wrong man because his name is Merlin LKent Williams, not Merlin Kent Williams." *Cain*, No. 1:20-cv-286, R. & R. [31] at 14 (S.D. Miss. Aug. 18, 2021) (internal quotations omitted). On August 18, 2021, the Court dismissed Plaintiff's habeas petition as barred by the one-year limitations period of 28 U.S.C. § 2244(d). *Cain*, No. 1:20-cv-286, J. [35]; Order [34] (S.D. Miss. Aug. 18, 2021). The United States Court of Appeals for the

Fifth Circuit denied Plaintiff's request for a certificate of appealability. *See Williams v. Cain,* No. 22-60361 (5th Cir. Oct. 28, 2022).

In addition, on the same day Plaintiff filed this § 1983 civil action, he also filed a similar—if not identical—civil action in the United States District Court for the District of Minnesota. *See Williams v. State of Mississippi*, No. 0:23-cv-00086 (D. Minn. filed Jan. 10, 2023). On March 2, 2023, the Magistrate Judge filed a Report & Recommendation [10] recommending the dismissal of Plaintiff's § 1983 case for improper venue under 28 U.S.C. § 1406(a).

Plaintiff is entitled to "one bite at the litigation apple—but not more." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). Although Plaintiff presents his claims as "intellectual property" violations, Plaintiff's claims arise from "the same series of events" and his allegations consist of "many of the same facts" of his earlier cases. *Bailey*, 846 F.2d at 1021. The Court finds that Plaintiff's claims are malicious, and dismissal is appropriate. *See Blakely v. Evans*, 574 F. App'x 420, 420 (5th Cir. 2014) (noting district court has "broad discretion" in dismissing a complaint as malicious); *Bailey*, 846 F.2d at 1021 (noting district court is "vested with especially broad discretion" in determining whether a malicious dismissal is warranted).

  B. <u>*Heck v. Humphrey* also bars Plaintiff's Complaint</u>

Plaintiff's claims attacking the validity of his criminal conviction are also subject to dismissal under *Heck v. Humphrey,* 512 U.S. 477 (1994). Under *Heck*, where a § 1983 claim would "necessarily imply" the invalidity of a conviction, such a claim is not cognizable unless and until the plaintiff obtains a favorable resolution of a challenge to his

5

conviction. *Id.* at 487; *see also Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009) (citations omitted) (noting that *Heck* applies to claims for damages, declaratory relief, and injunctive relief).

As this Court informed Plaintiff in his prior § 1983 case, a decision in Plaintiff's favor determining that his criminal conviction and sentence are unconstitutional "would explicitly invalidate his sentence and current term of imprisonment. No implication is required." *Schmidt*, No. 1:19-cv-292, Order [6] at 6 (S.D. Miss. July 3, 2019). Plaintiff cannot demonstrate that his criminal conviction has been invalidated by any of the means set forth in *Heck*, so his claims are also barred for this reason. *Heck*-barred claims are dismissed as frivolous and for failure to state a claim.[3]

C. Habeas Corpus Relief

As a final point, the Court notes that release from incarceration is not available as relief in a suit filed pursuant to § 1983. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) ("A habeas petition . . . is the proper vehicle to seek release from custody"). Habeas corpus provides the exclusive federal remedy for a state prisoner to challenge the fact or duration of his confinement and seek a speedier or immediate release from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The Court declines to sever any of

---

[3] *See Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000) (finding *Heck*-barred claims fail to state a claim upon which relief may be granted); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (finding *Heck*-barred claims are "legally frivolous"); *see also Colvin v. LeBlanc,* No. 19-30888, 2021 WL 2562449, at *3 (5th Cir. 2021) (reiterating that *Heck* does not pose a jurisdictional bar, explaining, "[w]e have routinely characterized a *Heck* dismissal as one for failure to state a claim"); *Davis v. Whyce*, 763 F. App'x 348, 349 (5th Cir. 2019) (citing *Hamilton*, 74 F.3d at 102) (finding inmate's Section 1983 "claims are frivolous as barred by *Heck v. Humphrey*").

Plaintiff's claims into a separate habeas corpus petition because it would be a successive petition. *See* 28 U.S.C. § 2244; *Cain*, No. 1:20-cv-286, J. [35] (S.D. Miss. Aug. 18, 2021) (dismissing habeas petition with prejudice). This Court is without jurisdiction to consider any successive habeas petition by Plaintiff until the Fifth Circuit authorizes this Court to consider Plaintiff's successive petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Garcia v. Quarterman*, 573 F.3d 214, 219 (5th Cir. 2009) ("Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition.").

**III. Conclusion**

For the reasons set forth above, Plaintiff's civil action is dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that that civil action is DISMISSED WITH PREJUDICE as malicious, frivolous, and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

**SO ORDERED AND ADJUDGED,** this the 20th day of March, 2023.

*s/ Carlton W. Reeves*
UNITED STATES DISTRICT JUDGE